UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

MICHAEL F. HART,

                              Plaintiff,

      -against-

KITCHEN INFINITY, INC.,

                             Defendant.

------------------------------------------------------------------------X

For Online Publication Only

**ORDER**

24-CV-05031 (JMA) (AYS)

FILED
CLERK
2:40 pm, Sep 05, 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is Plaintiff Michael Hart's motion for default judgment and other relief pursuant to FED. R. CIV. P. 55(b) and 58(d) against Defendant Kitchen Infinity, Inc. (See ECF No. 11.) Plaintiff initiated this action against Defendant for copyright infringement after Defendant used and displayed Plaintiff's copyrighted photograph on its website in connection with Defendant's home remodeling business. (See ECF No. 1.) Plaintiff seeks entry of default judgment for his claim of copyright infringement against Defendant, an award of statutory damages pursuant to 17 U.S.C. § 504, an award of Plaintiff's costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505, prejudgment interest, and an injunction pursuant to 17 U.S.C. § 502 permanently enjoining Defendant from further infringement. For the following reasons, Plaintiff's motion for default judgment is granted as to liability, and granted in part as to damages.

## I.  DISCUSSION

**A.    Defendant Defaulted**

On July 19, 2024, Plaintiff filed his Complaint instituting this action against Defendant. (See ECF No. 1.) On July 26, 2024, Defendant was served with a copy of Plaintiff's Complaint and Summons via personal service, through service on its Registered Agent, A REGISTERED AGENT, INC. (See ECF No. 7.) Defendant has not appeared or filed anything in response to Plaintiff's Complaint, nor has Defendant taken any action that otherwise indicates Defendant's

intent to defend the suit. On November 14, 2024, the Clerk entered default against Defendant. (ECF No. 10.) Accordingly, the Court finds Defendant in default.

**B.     Liability**

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, those requirements are met.

The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a) . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Liability for copyright infringement occurs when a plaintiff can prove (1) his ownership of a copyright, and (2) defendant's copying of the work. See Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991).

The allegations in the complaint establish Defendant's liability for copyright infringement in violation of 17 U.S.C. § 501. The uncontroverted allegations in the Complaint are sufficient to establish liability for Defendant as to this claim. Plaintiff registered the Work pursuant to 17 U.S.C. § 411(a) and was given a Certificate of Registration, Registration Number VAu 1-035-050, issued July 21, 2010. (ECF No. 1 at ¶ 11 & Ex. 1; Hart Decl. ¶ 5.) As Plaintiff registered the Work prior to its publication, this registration satisfies the statutory requirements of 17 U.S.C. § 410(b) and qualifies for prima facie evidence of the validity of the Certificate of Registration. Furthermore, Plaintiff produced documents showing Defendant's copying of the Work on its Website. (ECF No. 1, Ex. 2.) The produced documents show that Defendant copied Plaintiff's Work in order to advertise, market and promote Defendant's business activities by reproducing and displaying a

2

copy of the Work on its commercial Website. (Id.) Defendant has willfully defaulted and failed to present any defenses, no less a meritorious defense. Therefore, the motion for default judgment is granted as to Defendant's liability.

**C.     Damages**

Under 17 U.S.C. § 504(b), a copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages are primarily measured by "the extent to which the market value of the copyrighted work at the time of the infringement has been injured or destroyed by the infringement." Fitzgerald Pub. Co. v. Baylor Pub. Co., 807 F.2d 1110, 1118 (2d Cir. 1986). Actual damages can also be measured by the revenue the plaintiff lost as a result of the infringement in the form of lost sales or lost licensing opportunities. Prepared Food Photos, Inc. v. Miss Thelma's Rest. LLC, No. 23-CV-258, 2024 WL 1856697, at *3 (D. Conn. Mar. 29, 2024). Plaintiff may recover the fair market value of the licensing fee that would have been charged had the work not been infringed. See McCarthy v. Stollman, No. 06-CV-2613, 2010 WL 11586609, at *10 (S.D.N.Y. Feb. 23, 2010).

Plaintiff calculates his actual damages to be $10,200 after applying a multiplier of three to his licensing fee of $3,400 for the two years that the Work was used by Defendant. (See ECF No. 11 at 9.) Plaintiff notes that the typical range of fees he receives for creating and licensing the right to make use and display on the internet one of his copyrighted photographs similar in quality and popularity to the Work is approximately $1,700 per year. (Hart Decl. ¶ 14; ECF No. 11-4.) According to Plaintiff, the Work was used by Defendant for at least two years, and the fair market value for a two-year license is accordingly $3,400. (Id. ¶ 15-16.) Furthermore, Plaintiff alleges that the Work has lost significant value due to its publication with no credit, reducing the exclusive control and scarcity of the Work. (Id.) To account for this loss of control, exclusivity, and scarcity

3

of the Work, Plaintiff seeks to apply a multiplier of three to the licensing fee of $3,400. (See ECF No. 11 at 9.)

The Court concludes that actual damages of $3,400 are not supported by the documentary evidence provided by Plaintiff, including Plaintiff's declaration and supporting documentation of a prior licensing deal. (See Hart Decl. ¶ 14; ECF No. 11-4.) Instead, the prior licensing deal submitted by Plaintiff indicates that a fee of approximately $1,700 for a "[p]erpetual" and "[e]xclusive" license to use "location photography of home at 58 Pine Brook in Park Gate community, The Woodlands, Texas.High resolution TIFF, JPEG, and web-ready JPEG files provided via DVD." (See ECF No. 11-4.) The prior licensing deal includes no mention of an annual licensing fee, and therefore the Court cannot conclude that the fair market value for the licensing of the Work in this case would be $3,400 for two years. Instead, the Court finds that Plaintiff has shown actual damages of $1,700 total, not $1,700 annually. See Sadowski v. Yeshiva World News, LLC, No. 21-CV-7207, 2023 WL 2707096, at *6 (E.D.N.Y. Mar. 16, 2023) (holding that Plaintiff had shown losses of $1,500 total, not $1,500 annually, where prior submitted licensing deals permitted use of photograph for an "unlimited term" or "for use across all . . . platforms"), report and recommendation adopted, 2023 WL 2742157 (E.D.N.Y. Mar. 31, 2023). Furthermore, Plaintiff has not established that a three-time multiplier should be applied to the actual damages supported by the prior licensing documentation. See Mango v. Northside Media Grp., LLC, No. 18-CV-5504, 2019 WL 4262018, at *2 (E.D.N.Y. Aug. 6, 2019) (limiting actual damages to the minimum amount supported by plaintiff's submission of "a copy of a summary of the licensing fees for his photographs from 2005-2018"), report and recommendation adopted, 2019 WL 4261743 (E.D.N.Y. Sept. 9, 2019); see also Sheldon v. Plot Com., No. 15-CV-5885, 2016 WL 5107072, at *15 (E.D.N.Y. Aug. 26, 2016), report and recommendation adopted, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016) (determining actual damages based on plaintiff's provision of

"other licensing agreements showing that he has previously licensed photographs to other websites similar to [defendant's website]"). Based on the circumstances of this case, the Court declines to apply a multiplier of three to Plaintiff's actual damages and only recognizes $1,700 in actual damages.

Plaintiff further seeks an award of statutory damages for Defendant's alleged willful infringement of Plaintiff's exclusive rights in the copyrighted work. (See ECF No. 11 at 10-11.) Plaintiff seeks a total award of $17,000 in statutory damages in order to "fully compensate plaintiff" and "adequately deter future conduct like that of the Defendant." (Id.) The Court agrees that statutory damages are warranted here and awards $3,500 in statutory damages.

In the Second Circuit, courts are guided by several factors to determine an appropriate amount of statutory damages for copyright infringement. Those factors include: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010) (cleaned up).

In cases involving a single use copyright infringement, courts in the Second Circuit have typically awarded statutory damages between $1,000 and $5,000. Serio v. Skijor, USA, Inc., No. 23-CV-438, 2023 WL 8372894, at *5 (S.D.N.Y. Dec. 4, 2023) (awarding $1,000 for infringement of a single photo); Adlife Mktg. & Commc'ns Co. v. Sander Brothers of New York, Inc., No. 19-CV-886, 2021 WL 1558400, at *4-5 (W.D.N.Y. Apr. 21, 2021) (awarding $2,500 per infringed photograph); Verch v. Blockchain Techs. Corp., No. 20-CV-2631, 2021 WL 1198784, at *2 (S.D.N.Y. Mar. 30, 2021) (collecting cases).

5

The Court awards $3,500 in statutory damages. Plaintiff has not put forth any evidence to show that Defendant's conduct was willful. Infringement is willful when "the defendant was actually aware of the infringing activity, or . . . the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." Island Software & Comput. Servs., Inc. v. Microsoft Corp., 413 F.3d 257, 263 (2d Cir. 2005). While Plaintiff's complaint contains conclusory assertions that Defendant's actions were willful, the well-pleaded allegations are bereft of indicia of willfulness. Cf. Korzeniewski v. Sapa Pho Vietnamese Rest. Inc., 2019 WL 312149, at *7 (E.D.N.Y. Jan. 3, 2019) (concluding infringement was willful when the original source of an image specifically attributed it to plaintiff, the defendant ignored plaintiff's repeated requests to remove the image from its website, and the image remained on defendant's website throughout the litigation), report and recommendation adopted, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019). Here, Plaintiff's copyright is not apparent from the image itself, and Defendant removed the photograph from its website after receiving notice from Plaintiff. (ECF No. 11 at 7); see also Myeress v. Elite Travel Group USA, No. 18-CV-340, 2018 WL 5961424, at *3 (S.D.N.Y. Nov. 14, 2018) ("Cases where high statutory damages are awarded typically involve defendants who profit significantly despite repeated notices that they are infringing on the plaintiff's copyright"). Furthermore, Defendant's default in this action is insufficient to show willfulness, as "the mere fact of a default should not increase the quantum of statutory damages." Kelly Toys Holdings, LLC v. Airpods Pro Store, No. 21-CV-8435, 2022 WL 2801077, at *7 (S.D.N.Y. July 18, 2022).

The Court recognizes that Defendant's failure to appear has made it impossible to determine the expenses saved and profits earned by the Defendant. However, in considering the remaining relevant factors—Defendant's state of mind; the revenue lost by the copyright holder; the deterrent effect on the infringer and third parties; Defendant's lack of cooperation in providing

evidence concerning the value of the infringing material; and the conduct and attitude of the parties—the Court concludes that a statutory award of $3,500 is appropriate in this case. See Sadowski, 2023 WL 2707096, at *5 (E.D.N.Y. March 16, 2023) (stating that "[c]ourts in this Circuit have typically awarded statutory damages between $1,000 and $5,000 in cases of single use copyright infringement" and awarding $7,500 for willful infringement by defaulting defendant even though plaintiff sought $22,500 in statutory damages), report and recommendation adopted, 2023 WL 2742157 (E.D.N.Y. March 31, 2023).

**D.     Attorneys' Fees and Costs**

The Copyright Act states that the Court "in its discretion may allow the recovery of full costs," which includes reasonable attorneys' fees. 17 U.S.C. § 505. Here, Plaintiff seeks an award of costs and attorney's fees in the amount of $5,834.20, which includes fees in the amount of $5,275 and costs in the amount of $559.20. (See ECF No. 11 at 12; Dunne Decl. ¶ 9; ECF No. 11-6 ("Ex. 4").) In order to decide whether to award attorneys' fees under the Copyright Act, "district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." Bryant, 603 F.3d at 144. On consideration of these issues, "[t]he Court determines that it is appropriate here to award attorney's fees and costs to compensate Plaintiff for the amounts it incurred in obtaining judgment by default." See Johnson v. Classic Material NY, LLC, No. 19-CV-10529, 2021 WL 1164089, at *5 (S.D.N.Y. Mar. 25, 2021). However, the Court will award a total of $3,309.20 in attorneys' fees and costs, as discussed below.

Plaintiff seeks an award of attorneys' fees and costs as follows: (1) 3 hours of attorney time at a rate of $500.00 per hour for Joseph Dunne, the managing partner of the firm's New York office; (2) 7.3 hours of time at rates between $150 and $250 per hour of paralegal and/or legal

7

assistant time; (3) 6.75 hours of time at a rate of $250 per hour for Dayrielis Noa, a summer associate at the firm; (4) 1.8 hours of time at a rate of $300 per hour for Faith Beckworth, whose position is unidentified in Plaintiff's affidavit or exhibit in support of attorneys' fees; (4) unidentified costs of $559.20. (Dunne Decl.; Ex. 4.)

The starting point in determining attorneys' fee awards is calculation of the "lodestar" by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation because the lodestar method creates a presumptively reasonable fee. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 188-90 (2d Cir. 2008); Craine v. Beyond the W, LLC, No. 19-CV-02259, 2021 WL 930255, at *3 (E.D.N.Y. Mar. 11, 2021). The hourly rates used in determining a fee award should be "what a reasonable, paying client would be willing to pay . . ." Arbor Hill, 522 F.3d at 184. Reference to market rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" can assist the court in determining the reasonable hourly rate to be applied. Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998); see also Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc., No. 13-CV-01526, 2020 WL 2848232, at *7 (S.D.N.Y. June 1, 2020) (noting that courts in copyright cases consider reasonable rates of $400 to $750 an hour for partners, $200 to $450 for associates, and $150 to $200 for paralegals). As for the amount of attorney time spent reasonably in prosecuting a case, "the court looks to its own familiarity with the case and . . . its experience generally as well as to the evidentiary submission and arguments of the parties." Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992).

Upon review of counsel's time records, the Court finds that an attorneys' fee award for the following hourly rates and hours expended in this litigation are reasonable: (1) $500 for Dunne per hour for 3 hours of work; (2) $150 for the paralegals and legal assistants per hour for 5 hours of work; and (3) $100 for Noa for 5 hours of work. See Sadowski, 2023 WL 2707096, at *9 (reducing

8

attorneys' fee award and noting that in copyright cases in EDNY, courts have awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff); see also Myeress, 2018 WL 5961424, at *5 (in copyright action on motion for default judgment, denying attorney's fees based on 18.2 hours billed as "excessive" and awarding fees based on nine hours billed). Accordingly, $2,750 is a reasonable amount of attorneys' fees incurred in this action. The Court also finds that $559.20 is the reasonable amount of costs in this action. Thus, an award of $3,309.20 in reasonable attorneys' fees and costs is warranted.

### E. Permanent Injunction

Plaintiff also seeks a permanent injunction preventing Defendant from infringing Plaintiff's copyrighted materials. (ECF No. 11 at 13.) The Copyright Act allows the Court to "grant . . . final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). In order to secure this relief, Plaintiff must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

Salinger v. Colting, 607 F.3d 68, 77 (2d Cir. 2010) (cleaned up). Deciding whether to grant a permanent injunction is a matter of discretion for the Court. See Am. Infertility of New York, P.C. v. Deep Blue Health New Zealand Ltd., No. 17-CV-05666, 2019 WL 10786023, at *11 (S.D.N.Y. Dec. 30, 2019), report and recommendation adopted, 2020 WL 4218261 (S.D.N.Y. July 23, 2020). Such relief is usually granted only "where liability has been established and there is a threat of continuing infringement." John Wiley & Sons, Inc. v. Book Dog Books, LLC, 327 F. Supp. 3d 606, 637 (S.D.N.Y. 2018) (cleaned up).

Here, even if Plaintiff established the latter two factors (*i.e.*, the balance of hardships and public disserve), it has not met the first two—it has established neither the existence of an

9

irreparable injury nor that money damages are inadequate to compensate the injuries sustained by Defendant's conduct. Strengthening further this conclusion, the Defendant has removed the Work from its website, (ECF No. 11 at 7), leading the Court to conclude that there is little, if any, threat of continuing infringement. The request for a permanent injunction is, therefore, denied.

### F.     Prejudgment Interest

Finally, Plaintiff seeks prejudgment interest. This request for prejudgment interest is denied. First, "[t]he Copyright Act neither allows nor prohibits an award of pre-judgment interest, and the issue of the permissibility of pre-judgment interest is unresolved in this Circuit." Capitol Recs., Inc. v. MP3tunes, LLC, No. 07-CV-09931, 2015 WL 13684546, at *4 (S.D.N.Y. Apr. 3, 2015). As the authority to grant prejudgment interest is not clear—and Plaintiff did not address the issue in its brief—the Court is not inclined to grant that relief. Second, even if the Court were inclined to consider the request, Plaintiff would not qualify for pre-judgment interest under either of the two methodologies applied by courts in the Second Circuit. Under one regime, applications for "pre-judgment interest should be reserved for 'exceptional' circumstances." Id. Nothing about the present fact pattern is exceptional. Under the other, courts rely on prejudgment interest as a tool "to help deter willful copyright infringement." Id. The statutory damages assessed are sufficient to deter further infringement. The request for prejudgment interest is, therefore, denied.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is granted as to Defendant's liability, and granted in part as to damages. Plaintiff is awarded: (1) statutory damages in the amount of $3,500; and (2) attorneys' fees and costs in the amount of $3,309.20. The Clerk of the Court is respectfully directed to terminate ECF No. 11, enter judgment, and close this case.

**SO ORDERED.**

Dated:   September 5, 2025
        Central Islip, New York

_____/s/____(JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
